UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILLIAM TATE, *No. 33011-138* ) | CASE NO. 3:06 CV 1741 |
| ) | |
| ) | |
| Petitioner, ) | JUDGE ANN ALDRICH |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| U.S. PAROLE COMMISSION, ) | |
| ) | |
| Respondent. ) | |

On July 18, 2006, pro se petitioner William Tate, filed the above-captioned action alleging he is being held without "constitutional process." Petitioner, who was incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio (NEOCC) at the time he filed this petition, seeks an order from this court for his immediate release.

*Background*

Mr. Tate states that he was taken into custody on a parole violator warrant on January 4, 2006, and that the warrant was "executed" on January 12, 2006. As such, he complains that the United States Parole Commission has held him for over six months without conducting a revocation

hearing in violation of 28 C.F.R. § 2.102(f).[1] He asserts that the respondent's failure to comply with its regulations is a violation of his rights under the Sixth and Fourteenth Amendments. In the "interest of justice" he seeks an immediate release from prison.

*28 U.S.C. § 2241*

The courts grant habeas relief because of a delayed revocation hearing where the petitioner demonstrates that the delay was unreasonable and prejudicial. Goodman v. Keohane, 663 F.2d 1044, 1046 (11th Cir. 1981); Maslauskas v. United States Bd. of Parole, 639 F.2d 935, 938 (3d Cir. 1980); Lambert v. Warden, United States Penitentiary, 591 F.2d 4, 7 (5th Cir.1979); Smith v. United States, 577 F.2d 1025, 1027-29 (5th Cir.1978). Thus, Mr. Tate must allege that he was prejudiced by an unreasonable delay in holding his revocation hearing. 18 U.S.C. § 4214(b)(1). He has not made such an allegation. For the reasons set forth below, however, his claim is premature.

As a matter of law, a warrant is not considered "executed" where a parolee has been arrested on an independent intervening charge and a detainer is placed at the institution with custody. Cook v. United States Attorney Gen., 488 F.2d 667, 671 (5th Cir. 1974), cert. denied, 419 U.S. 846 (1974); see United States v. Wickham, 618 F.2d 1307, 1309 n.3 (9th Cir. 1979). Moreover, the warrant need not be executed until the intervening sentence has been served. Vladovic v. Parker, 455 F.2d 495, 496 (9th Cir. 1972); United States v.Bartholdi, 453 F.2d 1225 (9th Cir. 1972).

This court must take judicial notice of the fact that this is the third action and second 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Mr. Tate in this court against the Parole Commission regarding his present confinement. In his previous § 2241, he disclosed to the court

---

[1] This regulation applies to "District of Columbia Prisoners and Parolees," and there is no allegation in this action that he falls within that class of prisoners.

that he is "in federal custody awaiting sentencing for marijuana use." King v. U.S. Parole Comm'n, No. 4:06cv0491, 2006 U.S. Dist. LEXIS 16981, at *2 (N.D. Ohio Mar. 24, 2006).[2] Inasmuch as his present petition does not indicate otherwise, it is clear that Mr. Tate is not being confined exclusively for violating a term of his parole. As it appears that he was arrested on an independent intervening charge, the warrant has not been executed and, thus, he is not entitled to habeas relief at this stage.

Based on the foregoing, this action is dismissed without prejudice pending the execution of Mr. Tate's parole violator warrant. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

       IT IS SO ORDERED.

                                                   s/Ann Aldrich
                                                   ANN ALDRICH
                                                   UNITED STATES DISTRICT JUDGE

**Dated: October 20, 2006**

---

[2] Although the action was filed under the name "Billy King," the inmate registration number in the signature block identified "William Tate." In the petition he argued that the Parole Commission imposed an illegal release date of March 10, 2012, and claimed that the sentence was "far in excess of movant[']s title 18 section 2113A(2) 18 reg Adult Sentence." Id. at *3

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3